IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMAURY ROSARIO, | : | CIVIL ACTION NO. **1:CV-10-0204** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| RONNIE R. HOLT, WARDEN, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural Background**.

On January 26, 2010, Petitioner, Amaury Rosario, an inmate at USP-Canaan, Waymart, Pennsylvania, filed, *pro se*, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner attached an exhibit to his Habeas Petition. In addition to the form Habeas Petition is Petitioner's 16-page typed Memorandum. (Doc. 2). On February 8, 2010, Petitioner paid the filing fee. (Doc. 5). Named as Respondent is Ronnie R. Holt, the Warden at USP-Canaan.[1] The Habeas Petition has not yet been served on Respondent for a response.

We now give preliminary consideration to the Habeas Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL

---

[1]Petitioner named the correct Respondent since he is presently confined at USP-Canaan and Holt is the Warden at this prison. *See* 28 U.S.C. § 2242 and § 2243. Petitioner also correctly filed his Habeas Petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

4541945 (M.D. Pa.).[2]

## II. Factual Background.

On June 29, 2001, over 8 ½ years ago, Petitioner was convicted by a jury of conspiracy to commit robbery and attempted robbery in violation of 18 U.S.C. § 1951(Hobbs Act), use of a firearm in relation to crimes of violence in violation of 18 U.S.C. § 924(c)(1), and four counts of murder in the United States District Court for the Eastern District of New York. (Doc. 2, p. 2). After his federal conviction, the Court sentenced Petitioner to life in prison.

Petitioner states that he was originally charged and tried in state court with robbing and murdering four men who were present on November 14, 1995, in a Queens County, New York grocery store (The Compadre). Petitioner states that he was acquitted of all charges in his state court trial. Petitioner states that about one year after his New York state court trial and acquittal, he was federally charged in the Eastern District of New York District Court under the Hobbs Act and related offenses based on the same November 14, 1995 Queens County, New York, grocery store robbery and murder of four men. As indicated, Petitioner was convicted in federal court and sentenced to life in prison.

Petitioner filed a direct appeal from his judgment of conviction with the Second Circuit Court of Appeals and he claimed that his conviction under the Hobbs Act exceeded Congress' power to regulate interstate commerce. Petitioner claimed that the evidence at his federal trial was insufficient to show that the Queens County, New York, grocery store (The Compadre) he was

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

convicted of robbing and convicted of murdering four men in, had an effect on and a relation to interstate commerce. Petitioner argued that the government's evidence that the store had a connection with interstate commerce was not sufficient since it relied only on the store manager's (Eric Caraballo) testimony that the store sold orange juice, imported beer and cigarettes. (Doc. 2, p. 3). Thus, Petitioner claimed that the federal court lacked jurisdiction over him and that his conviction under the Hobbs Act should be overturned. Petitioner states that the Second Circuit Court of Appeals denied his appeal on October 9, 2002, and he cites to *U.S. v. Rosario*, Appeal No. 01-1365, 2d Cir. 10-9-02.

Petitioner then filed a Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255, raising a claim of ineffective assistance of trial counsel, which was denied by the sentencing court, United States District Court for the Eastern District of New York, on March 6, 2006. Petitioner cites to *Rosario v. U.S.*, Civil No. 04-CV-0688, in the United States District Court for the Eastern District of New York.

Subsequently, Petitioner filed a motion with the Second Circuit Court of Appeals seeking an order authorizing the United States District Court for the Eastern District of New York to consider a second or successive § 2255 motion. Petitioner states, and his exhibit reveals, that on December 22, 2009, the Second Circuit Court of Appeals denied Petitioner's motion. *See Rosario v. U.S.*, Appeal No. 09-4859-op, 2d Cir., 12-22-09. (Doc. 1, Ex.). In its December 22, 2009 Order, the Appeals Court stated:

> Petitioner, *pro se*, requests an order authorizing the United States
> District Court for the Eastern District of New York to consider a second
> or successive 28 U .S.C. § 2255 motion. Upon due consideration, it is
> hereby ORDERED that the motion is DENIED because Petitioner has not

> satisfied the criteria set forth in 28 U.S.C. § 2255(h). To the extent that Petitioner asserts a claim of actual innocence, his claim does not fit within the savings clause of 28 U.S.C. § 2255(e) because he has not demonstrated that the claim could not have been effectively raised at an earlier time.

(Doc. 1, Ex.).

Petitioner then filed his instant Habeas Petition with this Court, raising the following claims, ineffective assistance of trial counsel, newly discovered evidence, and actual innocence of his Hobbs Act conviction since the grocery store, which was the location of the crimes at issue, did not have an effect on interstate commerce. As indicated, Petitioner is presently serving his federal life sentence at USP-Canaan.

We now issue this R&R and recommend that Petitioner Rosario's Habeas Petition be dismissed for lack of jurisdiction since his claims fall clearly within the purview of § 2255.[3]

### III. Claims of Habeas Petition.

Petitioner claims that the sentencing Court had no jurisdiction to sentence him since the government did not sufficiently prove at his trial the interstate commerce effect element required under the Hobbs Act. Petitioner also claims that the sole witness the government relied upon to establish a connection between the Compadre store and interstate commerce, namely Caraballo, committed perjury by testifying at his (Petitioner's) criminal trial differently than he (Caraballo) later testified (one year later) in a deposition in a related civil case with respect to the nature of his employment in the store and his job duties at the store. Specifically, Petitioner states that Caraballo was not the store manager of Compadre, as he testified he was at Petitioner's criminal trial and

---

[3]The undersigned has been referred this case for an R&R by the District Court.

before Petitioner's grand jury. Thus, Petitioner claims that he has newly discovered evidence of perjury by Caraballo which he committed before Petitioner's grand jury and at Petitioner's trial which entitles him to relief under § 2241. Petitioner also states that the government failed to disclose to him before and after his trial that Caraballo was a paid informant for law enforcement.

Petitioner concludes by stating that "the government played multiple roles before a grand jury by calling Mr. Caraballo as a witness stating that he was the manager of the store, explaining the law, summing up misleading evidence of interstate commerce before the grand jury did result in prejudice to [Petitioner]." (Doc. 2, p. 15).

As discussed below, we find that Petitioner's challenge to the jurisdiction to convict him under the Hobbs Act and to the sentencing court's jurisdiction to impose a sentence upon him must be raised *via* a § 2255 motion. We also find that Petitioner's other stated habeas claims must be raised in a § 2255 motion.

**IV. Discussion.**

As stated, Petitioner filed a § 2255 Motion with the sentencing District Court in the Eastern District of New York with respect to his 2001 conviction and life sentence, and it was denied on March 6, 2006. Petitioner's request to file a second or successive § 2255 motion was recently denied by the Second Circuit Court of Appeals. Notwithstanding these facts, we find that a § 2255 motion, and not a § 2241 habeas corpus petition, is the remedy for Petitioner to challenge his Hobbs Act conviction and claim that the government failed to prove a connection of the robbery to interstate commerce, and that § 2255 is the remedy for Petitioner's other claims regarding Caraballo's testimony.

We find that § 2255 is an adequate and effective remedy for Petitioner to present his instant claims that his conviction under the Hobbs Act is invalid since the government's key witness to establish the jurisdictional element under the Hobbs Act committed perjury and the government failed to prove the requisite effect of his crime on interstate commerce. Thus, Petitioner contends that the Eastern District of New York Court lacked jurisdiction to sentence him. As stated, Petitioner has indicated that he has already attempted to utilize § 2255, but this does not show that § 2555 is inadequate or ineffective. We also find that the Third Circuit Court of Appeals has dealt with a similar case to our Petitioner's case, and the Court affirmed the District Court's decision that it lacked jurisdiction over the inmate's § 2241 habeas petition challenging his Hobbs Act convictions and firearm convictions since such claims were within the purview of § 2255. *See Gordon v. U.S.*, 209 Fed. Appx. 173 (3d Cir. 2006).

In *Gordon*, the Court stated:

> A § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002); 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. *Cradle v. United States ex rel. Miner,* 290 F.3d 536, 538 (3d Cir.2002). Section 2255 is not inadequate or ineffective merely because*175 a prior motion has been unsuccessful or a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Okereke,* 307 F.3d at 120-21. *See also Cradle,* 290 F.3d at 539.
>
> The "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for acts later deemed to be non-criminal because of an intervening change in the law. *See Okereke,* 307

6

> F.3d at 120 ( *citing In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997)). Such is not the case here. Gordon makes no allegation that he is actually innocent of the crimes for which he was convicted. The exception identified in *In re Dorsainvil* is simply inapplicable. Gordon's claims fall within the purview of § 2255 because they challenge the validity of his conviction. We agree with the District Court that Gordon has not demonstrated that § 2255 is an "inadequate or ineffective" remedy under the circumstances presented here. *See Cradle,* 290 F.3d at 538 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative"). Gordon's recourse at this point is to seek permission from the Sixth Circuit Court of Appeals to file a second or successive § 2255 motion in the sentencing court.

In *U.S. v. Hoffman*, 2009 WL 3540770 (E.D. Pa.), the Court considered an inmate's § 2255 motion in which he claimed, in part, that his trial counsel was ineffective for failing to argue that the charged crimes did not affect interstate commerce with respect to his conviction of conspiracy to commit robbery affecting interstate commerce in violation of the Hobbs Act. The *Hoffman* Court noted:

> The Hobbs Act provides that:
>
> [W]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined ... or imprisoned ... or both.
> 18 U.S.C. § 1951(a).

2009 WL 3540770 , *11, n. 20.

The *Hoffman* Court also cited to *U.S. v. Clausen*, 328 F. 3d 708, 711 (3d Cir. 2003), indicating that a "conviction for Hobbs Act robbery is constitutional so long as it has *de minimis* impact on interstate commerce." *Id*. at * 11. Thus, in light of *Hoffman*, § 2255 is clearly the appropriate remedy for Petitioner Rosario's claims challenging his Hobbs Act conviction.

In *U.S. v. Reyes*, 2010 WL 299222, *2 (3d Cir.), the Court stated:

> The Hobbs Act applies to any robbery attempt that "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a). "To sustain a conviction for interference with commerce by robbery under § 1951, the [G]overnment must prove the element of interference with interstate or foreign commerce by robbery." *United States v. Haywood,* 363 F.3d 200, 209 (3d Cir.2004).

The *Reyes* Court indicated that for a Hobbs Act conviction, the government "must only prove that the underlying robbery 'potentially caused an effect on interstate commerce to any degree, however minimal or slight.'" *Id.* (Citations omitted). In *Reyes*, the Court found that the government's evidence that the grocery store which Reyes was convicted of robbing imported some of its goods from other states and was forced to close after the robbery preventing the store from receiving goods from out-of-state sellers and from selling out-of-state goods, was sufficient to prove Reyes' conviction under the Hobbs Act. In our case, Petitioner Rosario seeks to challenge similar testimony regarding the effect of his robbery conviction on interstate commerce.

We also find that Petitioner Rosario cannot circumvent the one-year statute of limitations for a § 2255 motion by filing a § 2241 habeas petition to challenge his 8-1/2-year-old conviction and life sentence. *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 539 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.") (Internal citations omitted).

In *Sperling v. Hogsten*, Appeal No. 07-3032, (3d Cir. 10-19-07)(Non-Precedential), slip op. pp. 3-4, the Third Circuit stated:

> A federal prisoner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). A section 2255 motion is not "inadequate or ineffective" merely because the sentencing court has denied relief, *Cradle*, 290 F.3d at 539, or because the petitioner cannot meet the gatekeeping requirements of section 2255, *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). As noted above, Sperling has already filed three unsuccessful motions pursuant to section 2255 in the sentencing court, and at least two applications to the Second Circuit for permission to file another, all of which essentially raised the same claims he raises here. However, the fact that Sperling cannot prevail under section 2255 does not render it "inadequate or ineffective" to protect him. *See Cradle*, 290 F.3d. at 539. Therefore, the District Court properly dismissed Sperling's petition pursuant to 28 U.S.C. § 2241.

In *Green v. Apker*, 2005 WL 1138478, * 4 (M.D. Pa.), this Court stated that there is "a high bar for what a court will consider a serious constitutional issue sufficient to allow a Petitioner to bring a § 2241 petition to challenge a conviction or sentence." This Court stated that the request for relief under § 2241 must be based on newly discovered evidence or an intervening change in substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction. *Id*. We do not find that Petitioner Rosario has properly shown that his § 2241 habeas petition is based on newly discovered evidence regarding Caraballo's job position in the Compadre store and the effect of the store on interstate commerce, or an intervening change in substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction on the murder charges and Hobbs Act conviction under 18 U.S.C. § 1951.

We do not find that Petitioner Rosario has shown that he could not have raised his actual innocence claims and claims of new evidence earlier. In fact, Petitioner states that Caraballo committed the alleged perjury when he testified about one year after Petitioner's criminal trial, which trial was in June 2001. Caraballo testified in the civil case well before Petitioner filed his § 2255 motion with the sentencing court in the case no. 04-CV-0688, which was denied by the Court on March 6, 2006. Also, the Second Circuit Court of Appeals found in its December 22, 2009 order denying Petitioner's motion for permission to file a second or successive § 2255 motion that Petitioner did not demonstrate that his claim of actual innocence could not have been effectively raised at an earlier time. (Doc. 1, Ex. ).

Thus, we fail to see how Caraballo's alleged testimony in a civil proceeding one year after Petitioner's June 2001 criminal trial, *i.e.* in 2002, over seven years ago, is newly discovered evidence and could not have been raised when Petitioner filed his § 2255 Motion with the sentencing court. We also point out that Petitioner appears to contradict himself as to when Caraballo allegedly committed perjury by testifying in a civil matter, since he states that Caraballo's testimony was given in a "civil proceeding a year later," *i.e.*, a year after Petitioner's June 2001 criminal trial, and he also states that the date of Caraballo's civil deposition was "on or about November 21, 2000." (Doc. 2, p. 6).

We find that the claims that Petitioner Rosario raises in his habeas petition attacking the jurisdiction of the Eastern District of New York Court to sentence him under 18 U.S.C. § 1951 can be raised in a § 2255 motion. *See Gordon, supra*. Petitioner does not demonstrate that § 2255 is an inadequate remedy to test the legality of his federal conviction under 18 U.S.C.

§ 1951 and his life sentence. Petitioner is now trying to collaterally attack his sentence imposed by the Court in June 2001, over 8 ½ years ago. As the Court in *Diaz v. Warden FCI Fairton*, 40 Fed. Appx. 665, 666 (3d Cir. 2002) (Non-Precedential), stated "§ 2241 is not an available alternate for collaterally attacking a federal criminal sentence. Pursuant to 28 U.S.C. § 2255, such a post-sentencing challenge must be presented by motion to the sentencing court, and a non-sentencing district court has no jurisdictional authority to consider it." Petitioner Rosario has failed to show that the offenses for which he was convicted and sentenced were not valid offenses. He does not fall under any exception recognized in *Dorsainvil*.

As stated, we do not find that our Petitioner has made out a claim for actual innocence or that he has alleged an intervening change in substantive law that may negate his murder convictions and robbery convictions under 18 U.S.C. § 1951 based on his claims detailed above, namely, that his Hobbs Act convictions should be overturned since the government failed to sufficiently prove that the Compadre Store robbery satisfied the interstate commerce element of the Hobbs Act.

Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under Section 2255, a motion under Section 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 409 U.S. 1046 (1972). As discussed above, Petitioner Rosario's claims present issues which have been addressed by sentencing courts under § 2255.

As noted in *Litterio*, lack of success does not by itself entitle Petitioner to review of his habeas corpus petition. The Third Circuit stated in *Okereke v. U.S.*, 307 F. 3d 117, 120 (3d Cir.

2002), *cert. denied,* 123 S.Ct. 572 (2002), that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (Citation omitted). "Challenges to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court." *Horne v. Sherman*, 2006 WL 2792205, *2 (W. D. Pa.) (citation omitted).

Petitioner Rosario's present claims amount to a collateral attack upon the legality of his murder convictions and his robbery convictions under 18 U.S.C. § 1951, and of the legality of his life sentence imposed by the Eastern District of New York Court. His attack is properly brought under a § 2255 motion with the sentencing court. Therefore, we will recommend that Petitioner Rosario's Habeas Petition be dismissed for lack of subject matter jurisdiction.

V. **Recommendation.**

Based upon the foregoing, it is respectfully recommended that the Petitioner Rosario 's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed, without directing service of it on Respondent, for lack of jurisdiction.

> **s/ Thomas M. Blewitt**
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: February 19, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMAURY ROSARIO, | : | CIVIL ACTION NO. **1:CV-10-0204** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| RONNIE R. HOLT, WARDEN, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **February 19 , 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

> **s/ Thomas M. Blewitt**
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: February 19, 2010**